# EXHIBIT A

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT** |

| | |
|---|---|
| Jessica Anlauf,<br><br>     Plaintiff,<br><br>v.<br><br>Dynamic Recovery Solutions, LLC,<br><br>     Defendant. | Case Type: Other CIVIL<br>FRAUD/FDCPA/EFTA/BREACH OF<br>CONTRACT<br><br>Case No. _____<br><br>**SUMMONS** |

**THIS SUMMONS IS DIRECTED TO Dynamic Recovery Solutions, LLC:**

    1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

**THE BARRY LAW OFFICE, LTD**
Peter F. Barry, Esq.
**2828 University Avenue SE, Suite 202**
**Minneapolis, Minnesota 55414-4127**

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

-1-

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Respectfully submitted,

THE BARRY LAW OFFICE, LTD

Dated: October 2, 2020

By: s/ Peter F. Barry
Peter F. Barry, Esq.
Attorney I.D.#0266577
2828 University Ave. SE, Suite 202
Minneapolis, Minnesota 55414-4127
Telephone: (612) 379-8800
pbarry@lawpoint.com

*Attorney for Plaintiff*

-2-

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT** |

| | |
|---|---|
| Jessica Anlauf, | Case Type: Other CIVIL FRAUD/FDCPA/EFTA/BREACH OF CONTRACT |
| Plaintiff, | |
| v. | Case No. _____ |
| Dynamic Recovery Solutions, LLC, | |
| Defendant. | **COMPLAINT** |
| | JURY TRIAL DEMANDED |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.  This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Electronic Fund Transfer Act ("EFTA") 15 U.S.C. §§ 1693 *et seq.* and its implementing Regulation E, by Defendant and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

-3-

## JURISDICTION

3.    Jurisdiction of this Court arises under U.S.C. § 1692k(d) and 15 U.S.C. § 1693m, and common law.

4.    Venue is proper because the acts and transactions occurred here, Plaintiff resides in Minnesota, and Defendant transacts business here.

5.    Defendant has transacted business within the State of Minnesota by attempting to collect a debt from Plaintiff via the mails, and incorporating itself to do business in Minnesota, while Plaintiff was located within and permanently residing within the State of Minnesota.

6.    Defendant has transacted business within the State of Minnesota by operating a collection agency, sending and receiving mail within Minnesota, and directing debt collection activities to Minnesota.

## PARTIES

7.    Plaintiff Jessica Anlauf (hereinafter "Plaintiff") is a natural person who resides in the State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

8.    Plaintiff has suffered an injury in fact that is fairly traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

9.    Defendant Dynamic Recovery Solutions, LLC, (hereinafter "Defendant") is a foreign corporation and collection agency, operating from a principal office address of 135 Interstate Blvd #6, Greenville, SC 29615, with a registered agent of process located at 2345 Rice Street, Suite 230, Roseville, MN 55113, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and by Regulation E, 12 C.F.R 1005.2.

## FACTUAL ALLEGATIONS

10. Within one year immediately preceding the filing of this complaint, Defendant attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a private student loan with Doral Bank, in the State of Minnesota.

11. Sometime on or around 2005, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely, a private student loan with Doral Bank, that was for personal, family and household purposes and is a debt as that term is defined under 15 U.S.C. § 1692a(5) ("debt").

12. Plaintiff disputes this alleged debt, the final bill on this account, and any remaining balance, and is represented by the undersigned counsel both with respect to this debt and to the claims made herein.

13. This alleged debt was beyond the statute of limitations in Minnesota, as it had been approximately 15 years since Plaintiff had made a payment when a payment was due.

### *Defendant's Illegal Collection Conduct*

14. Sometime on or around October 16, 2019, Defendant contacted Plaintiff in an attempt to collect this debt by telephone and/or mail to her home in Minnesota.

15. During the course of negotiations with Defendant, Plaintiff agreed to pay off student loans in the amount of $3,146.47, fully satisfying the alleged $37,328.16 balance on these private student loans.

16. Defendant agreed on October 16, 2019 to accept this amount from Plaintiff in full as a settlement of this disputed debt.

17.   Between October 16, 2019 and May 13, 2020, Plaintiff made monthly payments on this debt based upon a five-year payoff schedule.

18.   It was a false and deceptive debt collection practice for Defendant to fail to inform Plaintiff that this debt was beyond the applicable six-year statute of limitations in Minnesota for contract debts, and therefore uncollectible by legal action.

19.   It was a false and deceptive debt collection practice for Defendant to fail to inform Plaintiff that this debt was beyond the applicable seven-year statute of limitations in under federal law for reporting this alleged debt on her consumer credit reports under the Fair Credit Reporting Act.

20.   It was a false and deceptive debt collection practice for Defendant to suggest to Plaintiff that Plaintiff had any obligation, legal or otherwise, to pay this debt.

*False Statements and Anticipatory Breach of Contract by Defendant*

21.   On or about May 13, 2020, Plaintiff called Defendant to get a final payoff amount of this alleged debt so that she could pay this amount in a lump sum.

22.   During this call, Defendant's debt collector now denied that any such arrangement had been made with Plaintiff.

23.   Defendant's employee stated that the $3,146.47 amount agreed to in October 2019 was not a total payoff amount, despite the fact that Defendant had sent Plaintiff a letter reflecting this precise financial arrangement ("Settlement Letter").

24.   Defendant's debt collector told Plaintiff that the only reason that there were only 60 payments shown to Plaintiff in the Settlement Letter was because that was longest payment arrangement that Defendant could enter into its system.

25. It was a false and deceptive debt collection practice for Defendant to tell Plaintiff that she could resolve this disputed and stale debt for $3,146.47, and then later "pull the rug out from underneath her" and now tell Plaintiff that Defendant would never agree to such a small amount.

26. Defendant's October 16, 2019, Settlement Letter to Plaintiff specifically stated that Defendant had "agreed to accept $3,146.47 to fully resolve this account" and Plaintiff relied upon this misrepresentation.

27. Plaintiff had agreed to Defendant's Settlement Letter and accepted it by making monthly payments pursuant to it.

28. Plaintiff acted in reliance upon Defendant's Settlement Letter to her detriment.

29. It was a harassing, oppressive and abusive debt collection practice for Defendant to renege on the deal it had made with Plaintiff to resolve this disputed debt.

30. The above-described communications and conduct from Defendant toward Plaintiff represent numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

*False and Deceptive Collection Email*

31. On or about May 15, 2020, Defendant's collection agent Molly Hoskinson sent an email to Plaintiff in which Defendant denied the previous settlement arrangement and instead encouraged Plaintiff to contact Defendant if she wished to enter into a "settlement" of this debt.

32. The use of the word "settlement" by Defendant's employee would suggest to an unsophisticated consumer that she/he could be sued for this debt, when in fact this debt was far beyond any applicable six-year statute of limitations under Minnesota law.

33. It was a harassing, oppressive and abusive debt collection practice for Defendant to falsely represent the legal status of this disputed debt.

34. The above-described communications and conduct from Defendant toward Plaintiff represent numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

### *Failure to Provide Required Payment Notices*

35. Defendant is required to give Plaintiff certain notices under the FDCPA before accepting payment arrangements that involve post-dated payments from a bank account. 15 U.S.C. § 1692f(2).

36. Defendant took post-dated payments from Plaintiff's bank account but failed to provide the required notices to Plaintiff at all, despite the requirement that these notices be sent to Plaintiff prior to initiating such post-dated payments.

37. The above-described collection conduct from Defendant toward Plaintiff represents numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1) and 1692f(2), amongst others.

### *Electronic Fund Transfer Act Violations*

38. The Electronic Fund Transfer Act ("EFTA") requires that a merchant to give customer notice of and a method for stopping automated recurring electronic fund transfers from a bank account.

39.   Under EFTA, Defendant was required to give Plaintiff a written notice of how Plaintiff could stop automated payments from her bank account.

40.   Defendant failed to provide notice of a method for Plaintiff to stop these automated payments from her bank account for this alleged debt.

41.   The failure to provide such notice violates EFTA and its implementing Regulation E.

42.   On or about October 16, 2019, Defendant's agents or employees communicated with Plaintiff by telephone and asked for payment on this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. 1692a(2).

43.   During this collection telephone call, defendant solicited and obtained Plaintiff's personal bank account information in order to initiate a series of electronic fund transfers, which were aimed at satisfying this alleged debt, and which were subject to Regulation E and the EFTA. *See* 12 C.F.R. § 1005.3(b).

44.   Defendant failed to obtain written authorization from the Plaintiff for these electronic fund transfers, as required by, and in violation of, Regulation E and the EFTA. *See* 12 C.F.R. § 1005.10(b).

45.   Defendant failed to provide the Plaintiff with a written copy of this authorization for these electronic fund transfers, as required by, and in violation of, Regulation E of the EFTA. *See* 12 C.F.R. § 1005.10(b).

46.   Defendant made multiple electronic fund transfers from Plaintiff's bank account between October 16, 2019, and the present, within the meaning of Regulation E and the EFTA, without having first complied with the requirements of those federal laws. *See* 15 U.S.C. § 1693 and 12 C.F.R. § 1005.10.

47.  Defendant's failure to provide the notices required by the EFTA, prior to instituting multiple electronic fund transfers from Plaintiff's bank account, constitutes a violation of the EFTA, 15 U.S.C. § 1693, and was also an unfair, false and deceptive collection practice in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1), amongst others.

*Summary*

48.  The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA and EFTA.

49.  These collection actions taken by Defendant, and the collection employees employed by Defendant, were made in violation of multiple provisions of the FDCPA and EFTA, including but not limited to all of the provisions of those laws cited herein.

50.  These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

51.  Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA and EFTA provide Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt and/or electronic fund transfer.

52.  Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not

adequately respond to the Defendant's demand for payment of this debt.

### *Respondeat Superior Liability*

53. The acts and omissions herein of the individuals employed to collect debts by Defendant, and the other debt collectors employed as agents of Defendant who communicated with Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

54. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

55. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant.

56. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and EFTA in its attempts to collect this debt from Plaintiff.

### TRIAL BY JURY

57. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59.     The foregoing acts and omissions of Defendant and its agents constitute numerous and
        multiple violations of the FDCPA including, but not limited to, each and every one of the
        above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

60.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory
        damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,
        reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant
        herein.

## COUNT II.

### VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT AND REG. E

#### 15 U.S.C § 1693 *et seq.* and 12 C.F.R § 205 *et seq.*

61.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though
        fully stated herein.

62.     The foregoing intentional and negligent acts and omissions of Defendant constitutes
        numerous and multiple violations of the EFTA and Regulation E including, but not limited
        to, each and every one of the above-cited provisions of the EFTA, 15 U.S.C. § 1693 *et seq.*

63.     As a result of Defendant's violations of the EFTA and Regulation E, Plaintiff is entitled to
        actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages in an amount up
        to $1,000.00 pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorney's fees and
        costs pursuant to 15 U.S.C. § 169m(a)(3) from Defendant.

## COUNT III.

### BREACH OF CONTRACT

64.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though
        fully stated herein.

65.   Plaintiff and Defendant are parties to a contract, namely, the Settlement Letter referenced above.

66.   Defendant has anticipatorily breached that contract by now attempting to unilaterally change the terms of the contract after Plaintiff had acted in reliance upon it.

67.   Defendant has breached the contact and that breach is material.

68.   By breaching the contract, Plaintiff has been denied the benefit of the bargain that Plaintiff reached with Defendant.

69.   Defendant's breach of contract has caused Plaintiff to suffer actual damages in an amount to be determined by a jury.

### COUNT IV.

### FRAUD

70.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71.   The Minnesota Court of Appeals has held that:

> A contract is voidable if a party's assent is induced by either a fraudulent or a material misrepresentation by the other party, and is an assertion on which the recipient is justified in relying. Restatement of Contracts (Second) § 164(1) (1981).

> A misrepresentation is fraudulent if it is intended to induce a contract and either is known to be false or made without knowledge of whether it is true or false. *Id.* at § 162(1). …

> A misrepresentation is material if it would be likely to induce a reasonable person to manifest his or her assent or the maker knows that for some special reason it is likely to induce the particular recipient to manifest such assent. *Id.* at § 162(2); *see also Pasko v. Trela*, 153 Neb. 759, 763, 46 N.W.2d 139, 143 (1951).

Carpenter v. Vreeman, 409 N.W.2d 258, 260–61 (Minn. Ct. App. 1987).

72. During the collection communications between October 16, 2019, and the present, Defendant repeatedly and falsely represented to Plaintiff that she was obligated to pay this alleged debt when, in material fact, Plaintiff was not.

73. Moreover, any purported contract that was formed by the Settlement Letter was illusory in nature, because Plaintiff had no legal obligation whatsoever to pay any amount of these student loans that were beyond the applicable statute of limitations and Defendant reserved the right to unilaterally revoke the terms it drafted in its Settlement Letter.

74. Defendant knew that the alleged debt it was attempting to collect from Plaintiff was beyond the applicable six-year statute of limitations for a contract debt under Minnesota law, and that therefore Plaintiff had no legal obligation to pay it, but it withheld that fact from Plaintiff and instead told Plaintiff that she must pay it.

75. Plaintiff's agreement to repay this alleged debt was therefore fraudulently induced by Defendant's deliberate misrepresentation of these material facts.

76. Defendant's misrepresentations that Plaintiff owed these private student loans were material misrepresentations of fact because they influenced Plaintiff's judgment and decisions regarding entering into the agreement to repay in the form of the Settlement Letter contract.

77. Defendant knew that its misrepresentations to Plaintiff were false at the time Defendant made them.

78. Defendant's misrepresentations were made intending that Plaintiff would rely on them.

79. Plaintiff reasonably relied and acted upon Defendant's misrepresentations.

80.   Plaintiff was proximately harmed as a direct result of relying on Defendant's false representations and has suffered actual damages in the form of payments made to Defendant in reliance thereon, as well as other damages.

## COUNT V.

### DECLARATORY RELIEF

81.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

82.   An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties in that Plaintiff contends that Defendant breached its contract with Plaintiff, and/or no legal obligation to pay this alleged existed, and whereas Defendant disputes this contention and by its conduct contends that such an obligation does exist.

83.   Plaintiff desires a judicial determination of Defendant's rights and duties, and a declaration as to the existence or non-existence of the alleged debt, and if it so exists, the extent of the liability of Plaintiff to Defendant, if any.

84.   A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain Plaintiff's rights and duties because Plaintiff's personal business affairs are seriously impaired, and Plaintiff is otherwise suffering a financial burden by this unsettled state of affairs.

85.   Plaintiff has already suffered from damage by having made payments on this alleged debt pursuant to the Settlement Letter and by Defendant's continued threats to attempts to collect it from Plaintiff.

86.   Declaratory relief is therefore appropriate in order to bring peace to the parties and prevent

Defendant from causing further unwarranted and unjust damage to Plaintiff.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- for an award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1693m(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692m(a)(3) against Defendant and for Plaintiff;

- for a declaratory judgment holding that Plaintiff owes nothing on this alleged debt;

- for a declaratory judgment holding that the contract between the parties is illusory and unenforceable;

- for actual damages for fraud that were directly caused by relying on the fraudulent misrepresentations made by Defendant to Plaintiff regarding this alleged debt;

- in the alternative, awarding Plaintiff damages for its breach of contract and requiring Defendant to disgorge all funds paid to it under this purported contract;

- and for such other and further relief as may be just and proper.

Respectfully submitted,

**THE BARRY LAW OFFICE, LTD**

Dated: October 2, 2020

By:  s/ Peter F. Barry
Peter F. Barry, Esq.
Attorney I.D.#0266577
2828 University Ave. SE, Suite 202
Minneapolis, Minnesota 55414-4127
Telephone:  (612) 379-8800
pbarry@lawpoint.com

*Attorney for Plaintiff*

## <u>ACKNOWLEDGEMENT UNDER MINN. STAT. § 549.211.</u>

Pursuant to Minn. Stat. § 549.211, the undersigned hereby certifies that to the best of the undersigned's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

a.  this pleading is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

b.  the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

c.  the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

d.  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

e.  The undersigned acknowledges that sanctions may be imposed under Minn. Stat. § 549.211.

Respectfully submitted,

THE BARRY LAW OFFICE, LTD

Dated: October 2, 2020

By: <u>s/ Peter F. Barry</u>
Peter F. Barry, Esq.
Attorney I.D.#0266577
2828 University Ave. SE, Suite 202
Minneapolis, Minnesota 55414-4127
Telephone: (612) 379-8800
pbarry@lawpoint.com

*Attorney for Plaintiff*

-18-

**NOTICE TO PRESERVE ALL DOCUMENTS, RECORDINGS, AND TANGIBLE
THINGS, AND ALL ELECTRONICALLY STORED INFORMATION ("Notice")**

To the Defendant(s) Above:

**As you know, this law firm has been retained to represent the Plaintiff in the above captioned
matter ("Lawsuit").**   As used in this notice, the terms "you" and "your" refer to the Defendant(s)
above-named and their predecessors, successors, parents, subsidiaries, divisions and affiliates and
its respective officers, directors, agents, attorneys, accounts, employees, partners, contractors and
other persons occupying similar positions or performing any functions on behalf of Defendant.

**My client respectfully demands that you preserve all recordings, documents, tangible things
and electronically stored information that are in anyway relevant to the Lawsuit.** A civil suit
has been commenced against you by my client in the District Court herein, related to the matters
described herein.

**You have a legal duty to preserve evidence in this matter.**  This duty to preserve evidence exists
not only after the formal commencement of litigation, but whenever a party knows or should know
that litigation is reasonably foreseeable. The Minnesota Supreme Court has specifically addressed
this issue:

> We have said that the spoliation of evidence is the "failure to preserve property for
> another's use as evidence in pending or future litigation." *Federated Mut. Ins. Co.
> v. Litchfield Precision Components, Inc.,* 456 N.W.2d 434, 436 (Minn.1990)
> (quoting *County of Solano v. Delancy,* 264 Cal.Rptr. 721, 724 n. 4
> (Cal.Ct.App.1989)). Further, we have recognized that, regardless of whether a party
> acted in good or bad faith, "the affirmative destruction of evidence has not been
> condoned." *Patton,* 538 N.W.2d at 119. The duty to preserve evidence[2] exists not
> only after the formal commencement of litigation, but whenever a party knows or
> should know that litigation is reasonably foreseeable. *See id.* at 118–19. Breach of
> the duty to preserve evidence once such a duty arises may be sanctioned, under a
> court's inherent authority, as spoliation. *See id.* at 118. Here, we specifically
> reaffirm our rule that custodial parties have a duty to preserve relevant evidence for
> use in litigation. *Id.* at 116. We also reaffirm our previously stated rule that, even
> when a breach of the duty to preserve evidence is not done in bad faith, the district
> court must attempt to remedy any prejudice that occurs as a result of the destruction
> of the evidence. *Id.*

Miller v. Lankow, 801 N.W.2d 120, 127–28 (Minn. 2011)

**Once a duty to preserve evidence has arisen, the breach of that duty may subject a party to
sanctions under a court's inherent authority as spoliation.** "Courts have long afforded redress
for the destruction of evidence * * *." Federated Mut. Ins. Co. v. Litchfield Precision Components,
Inc., 456 N.W.2d 434, 436 (Minn.1990).

**Much of the information that is subject to disclosure or responsive to discovery in this case may be stored on your current and former computer systems and other media and devices, including personal digital assistants, voice messaging systems, online repositories, telephone recording systems, hard drives and cell phones.**  The term Electronically Stored Information (hereinafter "ESI") should be afforded the broadest possible meaning and includes (by way of example and not as an exclusive list) potentially relevant information electronically, digitally, magnetically, optically or otherwise stored as:

- Audio and/or video records of any telephone calls and conversations made related to the events described in the Lawsuit
- digital communications (for example email, voicemail, imaging, scanning, and/or instant messaging);
- email service stores and server information (for example SQL Server, Oracle, Dropbox, Box, lotus, domino.nsf, Microsoft exchange.edb, Google Corporate Gmail, etc.);
- word processing documents (for example Microsoft Word or WordPerfect files and all drafts thereof);
- spreadsheets and tables;
- accounting application data;
- imaging and facsimile files;
- recordings of any conversations with my client;
- phone records of any calls to my client;
- databases (for example Access, Oracle, SQL Server data);
- Contact and relationship data management (for example Outlook, Ask or Interaction);
- Calendar and diary application data;
- online access data (for example temporary internet files, history files and cookies);
- presentations (for example PowerPoint and Corel presentations);
- network access and server activity logs relating to information exchanged between you and third parties, and by you with third parties;
- project management application data;
- backup and archival files;
- letters, documents, or correspondence of whatever kind related to existing loss prevention policies, and changes, updates, alterations made to loss prevention policies for the past three (3) years

**My client hereby demands that you preserve both accessible and inaccessible ESI.**  This demand is reasonable and necessary.  Pursuant to the Rules of Civil Procedure, in the event of an eventual civil suit you must identify all sources of ESI you decline to produce and demonstrate why such sources are not reasonably accessible.  For good cause shown in that event, the Court may order production of ESI even if it is not reasonably accessible.  Accordingly, you must preserve ESI that you deem inaccessible so as not to preempt the Court's authority.

**Preservation requires your immediate intervention.** You must act immediately to preserve potentially relevant ESI, including, without limitation, information and the earlier of a created or last modified date for ESI concerning any activity, updates, changes, alterations, or modifications to the information maintained by you related to the events described in the above-referenced lawsuit, through the date of this demand. Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. You must immediately intervene to prevent loss due to routine operations or malfeasance and employ proper techniques and protocols to preserve ESI. Booting a drive, examining its contents or running any application may irretrievably alter the evidence contained therein and constitute spoliation of evidence.

**You are also directed to immediately initiate a litigation hold for potentially relevant ESI, documents and tangible things, and to act diligently and in good faith to secure and audit compliance with that litigation hold.** You are further directed to immediately identify and modify or suspend features of your information systems and devices, which, in routine operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations that could result in spoliation include:

- purging the contents of email repositories by age, capacity or any other criteria
- using data or media wiping, disposal, erasure of encryption utilities or devices
- overriding erasing, destroying or discarding backup media
- reassigning, re-imaging or deposing of systems, servers, devices or media
- running antivirus or other programs affecting wholesale metadata alteration
- releasing or purging online storage repositories
- using metadata stripper utilities
- disabling server, packet or local instant messaging login
- executing drive or file defragmentation or compression programs
- shredding or other destruction of documents, routine or otherwise

**You should anticipate that your officers, employees, or others may seek to hide, destroy or alter ESI.** This is not a concern that is unique to you or your organization. Rather it is simply conduct that occurs with such regularity that any custodian of ESI and their counsel must anticipate and guard against its occurrence. You are directed to preserve complete backup tape sets (including differentials and incrementals) containing recordings, emails and ESI for any person involved in the activity, updates, changes, alterations, or modifications to the information maintained by you related to the events described in the above-referenced lawsuit, through the date of this demand, whether inside or outside of your organization and control. You should also take affirmative steps to prevent anyone with access to your data, systems or archives from seeking to modify destroy or hide ESI.

**As an appropriate and cost-effective means of preservation, you should remove from service and securely sequester the systems, media and devices housing potentially relevant ESI.** In the event that you deem it impractical to sequester those systems, we believe that the breadth of preservation required, coupled with the modest number of systems implicated, dictates that forensically sound imaging of the systems identified above is expedient and cost effective. As we anticipate the need for forensic examination of one or more of the systems and the presence of relevant evidence in forensically accessible areas of the drives, we demand that you employ

forensically sound ESI preservation methods. Failure to use such methods imposes a significant threat of spoliation and data loss. Be advised that a conventional copy, backup or ghosting of a hard drive does not produce a forensically sound image because it only captures active, unlocked data files and fails to preserve forensically significant data.

**You should anticipate that certain ESI, including but not limited to recordings, spreadsheets and databases will be sought in the forms or form in which it was ordinarily maintained, that is in native form.** Accordingly, you should preserve ESI in such native forms and should not employ methods to preserve ESI that remove or degrade the ability to search ESI by electronic means or that make it difficult or burdensome to use that information.

**You should further anticipate the need to disclose and produce system and application metadata and act to preserve it.** System metadata is information describing the history and characteristics of other ESI. This information is typically associated with tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian, location and dates of creation and last modification or access. Metadata may be overwritten or corrupted by careless handling or improper preservation, including by moving, copying or examining the contents of files. As hard copies do not preserve electronic search ability or metadata, they are not an adequate substitute for, or cumulative of, electronically stored versions. If information exists in both electronic and paper forms, you should preserve both the forms.

**We desire to work with you to agree upon an acceptable protocol for forensically sound preservation and can supply a suitable protocol if you will furnish an inventory and description of the systems and media to be preserved.** Alternatively, if you promptly disclose the preservation protocol you intend to employ, perhaps we can now identify any points of disagreement and resolve them.

**A successful and compliant ESI preservation effort requires expertise.** If you do not currently have such expertise, we urge you to engage the services of an expert in electronic evidence and computer forensics. Perhaps our respective experts can work cooperatively to secure a balance between evidence preservation and burden that is fair to both sides and acceptable to the Court. I am available to discuss reasonable preservation steps; however, you should not defer preservation steps pending such discussions if ESI may be lost or corrupted as a consequence of delay. Should your failure to preserve potentially relevant evidence result in the corruption, loss or delay of production of evidence to which we are entitled, that failure would constitute spoliation of evidence.

**Please confirm in writing no later than five (5) business days from the date of this Notice, that you have taken the steps outlined in this Notice to preserve ESI and tangible documents potentially relevant to this pending action.** If you have not undertaken the steps outlined above, or have taken other actions, please describe what you have done to preserve potentially relevant evidence.

If you retain legal counsel with respect to these matters, please direct this Notice to their immediate attention. Thank you for your anticipated cooperation in this vital matter.

Respectfully submitted,

THE BARRY LAW OFFICE, LTD

Dated: October 2, 2020

By:  s/ Peter F. Barry
Peter F. Barry, Esq.
Attorney I.D.#0266577
2828 University Ave. SE, Suite 202
Minneapolis, Minnesota 55414-4127
Telephone:  (612) 379-8800
pbarry@lawpoint.com

*Attorney for Plaintiff*

LMS Packing Slip

# Package ID: 3406571

| | |
|---|---|
| **Tracking Number:** | 397518317397 |
| **Package Recipient:** | Patrick Coleman |
| **Recipient Company:** | Dynamic Recovery Solutions LLC |
| **Recipient Address:** | 135 Interstate Blvd Suite 6 Greenville SC 29615-5720 USA |
| **Phone Number:** | 8447359451 |

**Package Contents:**

| Transmittal Number | Case Number | Title of Action |
|---|---|---|
| 22111958 | Not Shown | Jessica Anlauf vs. Dynamic Recovery Solutions, LLC |



**CSC**

# Notice of Service of Process

null / ALL
**Transmittal Number: 22111958**
**Date Processed: 10/05/2020**

| Primary Contact: | Patrick Joseph Coleman<br>Dynamic Recovery Solutions LLC<br>135 Interstate Blvd<br>Suite 6<br>Greenville, SC 29615-5720 |
|---|---|

| Entity: | Dynamic Recovery Solutions LLC<br>Entity ID Number  3688639 |
|---|---|
| Entity Served: | Dynamic Recovery Solutions, LLC |
| Title of Action: | Jessica Anlauf vs. Dynamic Recovery Solutions, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Violation of State/Federal Act |
| Court/Agency: | Hennepin County District Court, MN |
| Case/Reference No: | Not Shown |
| Jurisdiction Served: | Minnesota |
| Date Served on CSC: | 10/02/2020 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Peter F. Barry<br>612-379-8800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# FedEx

## Express

ORIGIN ID:ILGA     (888) 690-2882
SOP PROCESSING DEPARTMENT
CSC
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808
UNITED STATES US

SHIP DATE: 05OCT20
ACTWGT: 1.00 LB
CAD: 103290184/WSXI2600

BILL THIRD PARTY

TO  **PATRICK JOSEPH COLEMAN**
    **DYNAMIC RECOVERY SOLUTIONS LLC**
    **135 INTERSTATE BLVD**
    **SUITE 6**
    **GREENVILLE SC 29615**
(844) 735-9451        REF
INV:
PO:              DEPT:



FedEx
Express

E

**Extremely Urgent**





RT **299**

WED - 07 OCT 4:30P

TRK#
0201  **3975 1831 7397**

** 2DAY **

# SX LQKA

**29615**
SC-US  **GSP**



Insert shipping