# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jessica Anlauf,<br><br>　　　Plaintiff,<br>v.<br><br>Dynamic Recovery Solutions, LLC,<br><br>　　　Defendant. | Case No.: 0:20-cv-2268-ECT-TNL<br><br>**AMENDED COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Electronic Fund Transfer Act ("EFTA") 15 U.S.C. §§ 1693 *et seq.* and its implementing Regulation E, by Defendant and its collection agents in their illegal efforts to collect a consumer debt

from Plaintiff.

## JURISDICTION

3. Jurisdiction of this Court arises under U.S.C. § 1692k(d) and 15 U.S.C. § 1693m, and common law.

4. Venue is proper because the acts and transactions occurred here, Plaintiff resides in Minnesota, and Defendant transacts business here.

5. Defendant has transacted business within the State of Minnesota by attempting to collect a debt from Plaintiff via the mails, and incorporating itself to do business in Minnesota, while Plaintiff was located within and permanently residing within the State of Minnesota.

6. Defendant has transacted business within the State of Minnesota by operating a collection agency, sending and receiving mail within Minnesota, and directing debt collection activities to Minnesota.

## PARTIES

7. Plaintiff Jessica Anlauf (hereinafter "Plaintiff") is a natural person who resides in the State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

8. Plaintiff has suffered an injury in fact that is fairly traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

9. Defendant Dynamic Recovery Solutions, LLC, (hereinafter "Defendant") is a foreign corporation and collection agency, operating from a principal office address of 135 Interstate Blvd #6, Greenville, SC 29615, with a registered agent of process

located at 2345 Rice Street, Suite 230, Roseville, MN 55113, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and by Regulation E, 12 C.F.R 1005.2.

## FACTUAL ALLEGATIONS

10. Within one year immediately preceding the filing of this complaint, Defendant attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a private student loan with Doral Bank, in the State of Minnesota.

11. Sometime on or around 2005, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely, a private student loan with Doral Bank, that was for personal, family and household purposes and is a debt as that term is defined under 15 U.S.C. § 1692a(5) ("debt").

12. Plaintiff disputes this alleged debt, the final bill on this account, and any remaining balance, and is represented by the undersigned counsel both with respect to this debt and to the claims made herein.

13. This alleged debt was beyond the statute of limitations in Minnesota, as it had been approximately 15 years since Plaintiff had made a payment when a payment was due.

### *Defendant's Illegal Collection Conduct*

14. Sometime on or around October 16, 2019, Defendant contacted Plaintiff in an attempt to collect this stale debt by telephone and/or mail to her home in Minnesota.

15. During the course of negotiations with Defendant, Plaintiff agreed to pay off student loans in the amount of $3,146.47, fully satisfying the alleged $37,328.16 balance on these private student loans.

16. Defendant agreed on October 16, 2019, to accept this amount from Plaintiff in full as a settlement of this disputed debt.

17. Between October 16, 2019, and May 13, 2020, Plaintiff made monthly payments on this debt based upon a five-year payoff schedule.

18. It was a false and deceptive debt collection practice for Defendant to fail to inform Plaintiff that this debt was beyond the applicable six-year statute of limitations in Minnesota for contract debts, and therefore uncollectible by legal action. Minn.Stat.§541.053.

19. It was a false and deceptive debt collection practice for Defendant to fail to inform Plaintiff that this debt was beyond the applicable seven-year statute of limitations in under federal law for reporting this alleged debt on her consumer credit reports under the Fair Credit Reporting Act.

20. It was a false and deceptive debt collection practice for Defendant to suggest to Plaintiff that Plaintiff had any obligation, legal or otherwise, to pay this debt.

*False Statements and Anticipatory Breach of Contract by Defendant*

21. On or about May 13, 2020, Plaintiff called Defendant to get a final payoff amount of this alleged debt so that she could pay this amount in a lump sum.

22. During this call, Defendant's debt collector now denied that any such arrangement had been made with Plaintiff.

23. Defendant's employee stated that the $3,146.47 amount agreed to in October 2019 was not a total payoff amount, despite the fact that Defendant had sent Plaintiff a letter reflecting this precise financial arrangement ("Settlement Letter").

24. Defendant's debt collector told Plaintiff that the only reason that there were only 60 payments shown to Plaintiff in the Settlement Letter was because that was longest payment arrangement that Defendant could enter into its system.

25. It was a false and deceptive debt collection practice for Defendant to tell Plaintiff that she could resolve this disputed and stale debt for $3,146.47, and then later "pull the rug out from underneath her" and now tell Plaintiff that Defendant would never agree to such a small amount.

26. Defendant's October 16, 2019, Settlement Letter to Plaintiff specifically stated that Defendant had "agreed to accept $3,146.47 to fully resolve this account" and Plaintiff relied upon this misrepresentation.

27. Plaintiff had agreed to Defendant's Settlement Letter and accepted it by making monthly payments pursuant to it.

28. Plaintiff acted in reliance upon Defendant's Settlement Letter to her detriment.

29. It was a harassing, oppressive and abusive debt collection practice for Defendant to renege on the deal it had made with Plaintiff to resolve this disputed debt.

30. The above-described communications and conduct from Defendant toward Plaintiff represent numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

### *False and Deceptive Collection Email*

31. On or about May 15, 2020, Defendant's collection agent Molly Hoskinson sent an email to Plaintiff in which Defendant denied the previous settlement arrangement and instead encouraged Plaintiff to contact Defendant if she wished to enter into a "settlement" of this debt.

32. The use of the word "settlement" by Defendant's employee would suggest to an unsophisticated consumer that she/he could be sued for this debt, when in fact this debt was far beyond any applicable six-year statute of limitations under Minnesota law.

33. In addition, both in the initial collection call in October 2019 and the subsequent collection call by Plaintiff to Defendant to get a final payoff amount in May 2020, Defendant's employees repeatedly referred to "settlement" in describing and/or disclaiming the payment arrangements Plaintiff had entered into.

34. It was a harassing, oppressive and abusive debt collection practice for Defendant to falsely represent the legal status of this disputed debt in describing it as a "settlement" thereby falsely implying a potential threat to sue Plaintiff for it. *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001) (FDCPA is violated when a debt collector threatens litigation on a time-barred debt).

35. The above-described communications and conduct from Defendant toward Plaintiff represent numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

### *Electronic Fund Transfer Act Violations*

36. The Electronic Fund Transfer Act ("EFTA") requires that a merchant give a customer notice of and a method for stopping automated recurring electronic fund transfers from a bank account.

37. Under EFTA, Defendant was required to give Plaintiff a written notice of how Plaintiff could stop automated payments from her bank account.

38. Defendant failed to provide notice of a method for Plaintiff to stop these automated payments from her bank account for this alleged debt.

39. The failure to provide such notice violates EFTA and its implementing Regulation E.

40. On or about October 16, 2019, Defendant's agents or employees communicated with Plaintiff by telephone and asked for payment on this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. 1692a(2).

41. During this collection telephone call, defendant solicited and obtained Plaintiff's personal bank account information in order to initiate a series of electronic fund transfers, which were aimed at satisfying this alleged debt, and which were subject to Regulation E and the EFTA. *See* 12 C.F.R. § 1005.3(b).

42. Defendant failed to obtain written authorization from the Plaintiff for these electronic fund transfers, as required by, and in violation of, Regulation E and the EFTA. *See* 12 C.F.R. § 1005.10(b).

43. Defendant failed to provide the Plaintiff with a written copy of this authorization for these electronic fund transfers, as required by, and in violation of, Regulation E of the EFTA. *See* 12 C.F.R. § 1005.10(b).

44. Defendant made multiple electronic fund transfers from Plaintiff's bank account between October 16, 2019, and the present, within the meaning of Regulation E and the EFTA, without having first complied with the requirements of those federal laws. *See* 15 U.S.C. § 1693 and 12 C.F.R. § 1005.10.

45. Defendant's failure to provide the notices required by the EFTA, prior to instituting multiple electronic fund transfers from Plaintiff's bank account, constitutes a violation of the EFTA, 15 U.S.C. § 1693, and was also an unfair, false and deceptive collection practice in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1), amongst others.

*Summary*

46. The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA and EFTA.

47. These collection actions taken by Defendant, and the collection employees employed by Defendant, were made in violation of multiple provisions of the FDCPA and EFTA, including but not limited to all of the provisions of those laws cited herein.

48. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

49. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA and EFTA provide Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt and/or electronic fund transfer.

50. Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

### *Respondeat Superior Liability*

51. The acts and omissions herein of the individuals employed to collect debts by Defendant, and the other debt collectors employed as agents of Defendant who communicated with Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

52. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

53. By committing these acts and omissions against Plaintiff, these individuals and

these other debt collectors were motivated to benefit their principal, Defendant.

54. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and EFTA in its attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

55. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

58. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from

Defendant herein.

## COUNT II.

## VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT AND REG. E

## 15 U.S.C § 1693 *et seq*. and 12 C.F.R § 205 *et seq*.

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The foregoing intentional and negligent acts and omissions of Defendant constitutes numerous and multiple violations of the EFTA and Regulation E including, but not limited to, each and every one of the above-cited provisions of the EFTA, 15 U.S.C. § 1693 *et seq*.

61. As a result of Defendant's violations of the EFTA and Regulation E, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 169m(a)(3) from Defendant.

## COUNT III.

## BREACH OF CONTRACT

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. Plaintiff and Defendant are parties to a contract, namely, the Settlement Letter referenced above.

64. Defendant has anticipatorily breached that contract by now attempting to unilaterally change the terms of the contract after Plaintiff had acted in reliance upon it.

65. Defendant has breached the contact and that breach is material.

66. By breaching the contract, Plaintiff has been denied the benefit of the bargain that Plaintiff reached with Defendant.

67. Defendant's breach of contract has caused Plaintiff to suffer actual damages in an amount to be determined by a jury.

## COUNT IV.

## FRAUD

68. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. The Minnesota Court of Appeals has held that:

> A contract is voidable if a party's assent is induced by either a fraudulent or a material misrepresentation by the other party, and is an assertion on which the recipient is justified in relying. Restatement of Contracts (Second) § 164(1) (1981).
>
> A misrepresentation is fraudulent if it is intended to induce a contract and either is known to be false or made without knowledge of whether it is true or false. *Id*. at § 162(1). …
>
> A misrepresentation is material if it would be likely to induce a reasonable person to manifest his or her assent or the maker knows that for some special reason it is likely to induce the particular recipient to manifest such assent. *Id*. at § 162(2); *see also Pasko v. Trela,* 153 Neb. 759, 763, 46 N.W.2d 139, 143 (1951).
>
> Carpenter v. Vreeman, 409 N.W.2d 258, 260–61 (Minn. Ct. App. 1987).

70. During the collection communications between October 16, 2019, and the present, Defendant repeatedly and falsely represented to Plaintiff that she was obligated to pay this alleged debt when, in material fact, Plaintiff was not.

71. Moreover, any purported contract that was formed by the Settlement Letter was illusory in nature, because Plaintiff had no legal obligation whatsoever to pay any amount of these student loans that were beyond the applicable statute of limitations and Defendant reserved the right to unilaterally revoke the terms it drafted in its Settlement Letter.

72. Defendant knew that the alleged debt it was attempting to collect from Plaintiff was beyond the applicable six-year statute of limitations for a contract debt under Minnesota law, and that therefore Plaintiff had no legal obligation to pay it, but it withheld that fact from Plaintiff and instead told Plaintiff that she must pay it.

73. In its October 15, 2019, collection phone call with Plaintiff, Defendant fraudulently induced payments from Plaintiff on this stale debt when it misrepresented that it this was an "interest-bearing" debt when it was not and Defendant had no right to collect interest on this time-barred debt.

74. In its October 16, 2019 letter to Plaintiff, Defendant fraudulently induced payments from Plaintiff on this stale debt when it misrepresented that it would settle this obligation for 59 payments of $53.33 each, amounting to $3,146.47, when it would not.

75. Plaintiff's agreement to repay this alleged debt was therefore fraudulently induced by Defendant's deliberate misrepresentation of these material facts.

76. Defendant's misrepresentations that Plaintiff owed these private student loans were material misrepresentations of fact because they influenced Plaintiff's judgment and decisions regarding entering into the agreement to repay in the form of the Settlement Letter contract.

77. Defendant knew that its misrepresentations to Plaintiff were false at the time Defendant made them.

78. Defendant's misrepresentations were made intending that Plaintiff would rely on them.

79. Plaintiff reasonably relied and acted upon Defendant's misrepresentations.

80. Plaintiff was proximately harmed as a direct result of relying on Defendant's false representations and has suffered actual damages in the form of payments made to Defendant in reliance thereon, as well as other damages.

## COUNT V.

## DECLARATORY RELIEF

81. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

82. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties in that Plaintiff contends that Defendant breached its contract with Plaintiff, and/or no legal obligation to pay this alleged existed, and whereas Defendant disputes this contention and by its conduct contends that such an obligation does exist.

83. Plaintiff desires a judicial determination of Defendant's rights and duties, and a declaration as to the existence or non-existence of the alleged debt, and if it so exists, the extent of the liability of Plaintiff to Defendant, if any.

84. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain Plaintiff's rights and duties because Plaintiff's personal business affairs are seriously impaired, and Plaintiff is otherwise suffering a financial burden by this unsettled state of affairs.

85. Plaintiff has already suffered from damage by having made payments on this alleged debt pursuant to the Settlement Letter and by Defendant's continued threats to attempts to collect it from Plaintiff.

86. Declaratory relief is therefore appropriate in order to bring peace to the parties and prevent Defendant from causing further unwarranted and unjust damage to Plaintiff.

## COUNT VI.

## PUNITIVE DAMAGES PURSUANT TO MINN. STAT. § 549.20

87. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

88. Plaintiff has made a *prima facie* case that Defendant deliberately disregarded Plaintiff's rights pursuant to Minn. Stat. § 549.20.

89. Defendant is liable for punitive damages because of its deliberate disregard for the rights and safety of others.

90. Plaintiff has a right under F.R.Civ.P. 15 to amend the original complaint in this matter within 21 days of the response to the original complaint to bring this claim

for punitive damages. See *Shank v. Carleton College*, Case No. 16-cv-1154 (PJS/HB), 2018 WL 4961472; *Darmer v. State Farm Fire and Casualty Company*, Case No. 17-cv-4309-JRT-KMM, 2018 WL 6077985.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- for an award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1693m(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692m(a)(3) against Defendant and for Plaintiff;

- for a declaratory judgment holding that Plaintiff owes nothing on this alleged debt;

- for a declaratory judgment holding that the contract between the parties is illusory and unenforceable;

- for actual damages for fraud that were directly caused by relying on the fraudulent misrepresentations made by Defendant to Plaintiff regarding this

alleged debt;

- in the alternative, awarding Plaintiff damages for its breach of contract and requiring Defendant to disgorge all funds paid to it under this purported contract;

- for an award of punitive damages from Defendant pursuant to Minnesota law in an amount to be determined at trial;

- and for such other and further relief as may be just and proper.

Respectfully submitted,

**THE BARRY LAW OFFICE, LTD**

Dated: November 18, 2020

By: s/ Peter F. Barry
Peter F. Barry, Esq.
Attorney I.D.#0266577
2828 University Ave. SE, Suite 202
Minneapolis, Minnesota 55414-4127
Telephone: (612) 379-8800
pbarry@lawpoint.com

*Attorney for Plaintiff*